**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52624**

| | |
|---|---|
| In the Matter of Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) ) |
| JANE DOE (2025-04), | ) ) |
| Respondent-Appellant. | ) ) |

Filed: May 12, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Fredericksen, Idaho State Public Defender; Joshua D. Mills, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jessica Partridge, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jane Doe (2025-04) appeals from the judgment terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of the minor child in this action, who was born in 2023. At the time of the child's birth, Doe tested positive for methamphetamine and amphetamines and admitted to hospital staff that she had used methamphetamine prior to delivery. A shelter care hearing was held and legal custody was awarded to the Idaho Department of Health and Welfare. Doe stipulated to legal custody prior to an adjudicatory hearing. A case plan was drafted and approved

1

by the magistrate court. Ten months later, the magistrate court held a status hearing that became a permanency hearing where the parties agreed to amend the permanency goal to a plan of guardianship with the child's maternal grandmother. The guardianship went poorly and, upon motion of the Department, the goal was changed from guardianship to termination of parental rights. Following a termination trial, the magistrate court terminated Doe's parental rights following a finding of neglect, due to her inability to adequately address her substance abuse issues or prioritize the child's needs above her own, and because she had not completed her case plan for reunification with the child.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts that the magistrate court erred in finding that termination of her parental rights is in the child's best interests. The Department responds that clear and convincing evidence exists that supports the magistrate court's termination decision. Because the magistrate court's findings

---

[1]     The magistrate court also terminated the child's father's parental rights. The decision to terminate the father's parental rights is not at issue in this appeal.

are supported by substantial and competent evidence, we affirm the termination of Doe's parental rights.

**A.      Statutory Basis for Termination**

The magistrate court terminated Doe's parental rights on the basis of neglect. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). The magistrate court found that Doe neglected the child under both provisions alleged by the Department. Doe does not challenge the magistrate court's finding that there is a statutory basis for termination. Because Doe does not address the statutory basis for termination of her parental rights, that aspect of the magistrate court's decision is affirmed.

**B.      Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

3

On appeal, Doe argues that the magistrate court's conclusion that termination of her parental rights is in the child's best interests "is not supported by substantial competent evidence." Doe contends that the child's best interests would be satisfied by placing the child in a "guardianship with a grandparent, where [the child's older] sibling is presently placed." According to Doe, the magistrate court "erred by failing to take this into account in determining that termination would be in [the child's] best interest[s]." The record does not support Doe's argument.

The magistrate court's comments at the conclusion of the termination hearing and its written decision demonstrate there were extended efforts at establishing a guardianship for the child, which were ultimately unsuccessful. Initially, and over the Department's objection, the magistrate court agreed to place the child in a guardianship with the grandmother. The magistrate court later described "[w]hat happened" after that as "a tragedy." The magistrate court explained:

> [The grandmother], to put it politely, went off the rails. In the time between I said that it was time to do a guardianship and her actually trying to achieve that she got herself arrested for passing out under the influence of intoxicating substances in a parking lot of the local drug store. When she was asked about that by law enforcement and by the Department of Health and Welfare, she stated she was simply taking a nap and that she needed to get away from a highly toxic and violent environment in her home with her husband and you can imagine that that raised some pretty significant red flags for us that we were poised to place a child into a home that [the grandmother], by her own admission, said was a stressful, dangerous, violent, toxic environment.

The magistrate court noted that, even then, it did not abandon guardianship but, instead, deferred to a different magistrate court to make that determination because it "held out hope that somehow [the grandmother] could be the placement." But then, "a succession of things happened," including the grandmother coming to court and behaving inappropriately, which almost resulted in her being arrested. After that, the grandmother was the respondent in a protection order case filed by her husband (the grandfather), which included allegations that the grandmother sent the grandfather numerous threatening text messages, including threats to kill him and "skin [him] alive." Then, the grandmother went to the Department where she caused a "melee" that required involvement by security guards. The magistrate court described the grandmother as a "dangerous and unstable person" who should not be around her grandchildren. Consequently, the magistrate court

4

determined that guardianship with the grandmother was not a viable option for the child and that termination of Doe's parental rights was the appropriate next step.

As for the grandfather as a potential placement option, which is where the child's older sibling was living at the time of the termination hearing, the magistrate court discussed that possibility. The magistrate court noted that, for that to occur, the grandfather would need to apply for a foster care license. The magistrate court was, however, unwilling to "advocate" for the grandfather as a guardian, particularly given concerns regarding his willingness to allow the grandmother access to their grandchildren, including the child in this case.

In addition to explaining why guardianship was not an option, the magistrate court detailed why termination of Doe's parental rights is in the child's best interests. The magistrate court found that the child had been in foster care for two years--"the entirety of her life." During those two years, Doe was "meeting her developmental milestones such as walking and climbing," she was sleeping through the night, and was a "curious child who likes to explore her environment." By the time of the termination trial, the child had developed a "strong bond and attachment to her foster parents and their teenage children," and the Department had identified them as the adoptive placement if Doe's parental rights were terminated. Because Doe admitted she was unable to care for the child and had not "demonstrated any progress or willingness to change" or comply with the tasks in her case plan, the magistrate court found it is in the child's best interests to terminate Doe's parental rights and allow the child to live in a "safe, stable, sober" home where her basic needs are met.

Substantial and competent evidence supports the magistrate court's determination, by clear and convincing evidence, that termination of Doe's parental rights is in the best interests of the child. Doe has failed to show the magistrate court erred in terminating her parental rights.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's determination that termination of Doe's parental rights is in the child's best interests. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.

5